UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOSHUA N. HARDIN,

        Plaintiff,

v.                                    Case No. 3:18-cv-3-J-32JBT

SGT. J. JONES, et al.,

        Defendants.
_____

**ORDER**

Plaintiff, a former inmate of the Florida penal system, initiated this action by filing a pro se Civil Rights Complaint (Doc. 1) pursuant to 42 U.S.C. § 1983.[1] He names as Defendants four employees of the Suwannee Correctional Institution (SCI). Plaintiff alleges Defendants treated him in a negligent manner, placed him in a top-tier cell despite a medical directive that he should be placed on the bottom tier, and violated his due process right against retaliation and his constitutional right to be free from cruel and unusual punishment. See Complaint at 3-4. With respect to the cruel and unusual punishment claim, Plaintiff

---

[1] Plaintiff filed his Complaint on January 2, 2018, while incarcerated at Suwannee Correctional Institution. See Complaint at 2. He was released from incarceration on January 28, 2018. See Florida Department of Corrections, Offender Information Search, available at http://www.dc.state.fl.us/offenderSearch/detail.aspx?Page=Detail&DCNumber=N28219&TypeSearch=IR (last visited April 12, 2018).

alleges Defendants ignored his threats of suicidal ideation and his reports that he feared his cellmates. Id. at 4. Plaintiff also alleges as a basis for his claim that Defendants have violated the Florida Administrative Code section 33.601. Id. at 3.

Upon review of the Complaint, the Court opines that Plaintiff has failed to set forth his claims adequately. Thus, if Plaintiff desires to proceed with his claims, he must file an amended complaint. In doing so, Plaintiff should consider the following. To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct complained of was committed by a person acting under color of state law, and the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.[2]

---

[2] Plaintiff is advised that "verbal threats and harassment are generally not actionable under § 1983. A threat constitutes an actionable constitutional violation only when the threat is so brutal or cruel as to shock the conscience or if the threat exerts coercive pressure on the plaintiff and [he] suffers the deprivation of a constitutional right." Pete's Towing Co. v. City of Tampa, Fla., 648 F. Supp. 2d 1276, 1287 (M.D. Fla. 2009) (citation omitted); see Hernandez v. Florida Dep't of Corr., 281 F. App'x 862, 866 (11th Cir. 2008) (finding that the plaintiff's "allegations of verbal abuse and threats by the prison officers did not state a claim because the defendants never carried out these threats and verbal abuse alone is insufficient to state a constitutional claim" (citation omitted)); Barfield v. Hetzel, No. 2:11-cv-1114-WHA, 2015 WL 758490, at *4 (M.D. Ala. Feb. 23, 2015) (unpublished) ("Derogatory, demeaning, profane, threatening or abusive comments made by an officer to an inmate, no matter how repugnant or unprofessional, do not rise to the level of a constitutional violation." (collecting cases)).

In amending, Plaintiff must name as defendants only those who had been acting under color of state law and are responsible for the alleged constitutional violation(s). He must state their full names (to the extent he knows them) in the style of the case on the first page and must ensure that the list of named defendants on the first page matches the list of named defendants in Section I.B. In his Complaint, Plaintiff names Lt. Hale in the style of the case, though he does not include specific allegations indicating Hale's involvement in any alleged wrongdoing. Furthermore, in Section I.B, Plaintiff omits Hale as a named defendant. See Complaint at 3.

Under "Basis for Jurisdiction" in section II, Plaintiff must state the specific constitutional right or federal law that each defendant allegedly violated. Plaintiff is advised that the violation of the Florida Administrative Code, a state law, is an insufficient basis upon which to bring a § 1983 action. In section IV, "Statement of Claim," Plaintiff must concisely, yet clearly, set forth the relevant facts regarding the incidents allegedly resulting in a constitutional violation.[3] He should concentrate his efforts on describing what happened and how <u>each</u> named

---

[3] He may attach additional pages to the complaint form, if necessary, but he must ensure that he includes page numbers on each page.

defendant was involved.[4] As the Complaint is currently drafted, the role of each named defendant is unclear, and it is similarly unclear what incidents Plaintiff claims resulted in a particular violation. For example, Plaintiff references two specific dates, December 20, 2017, and December 26, 2017. What occurred on each date, and which defendants may have been involved on each date, remains vague. See id. at 5-6.

Plaintiff also appears to be raising multiple and potentially unrelated claims. For instance, he states that Defendants knew he feared two different cellmates, yet took no action to protect him. He also alleges Defendants knew he was a danger to himself and was cutting himself, yet did not seek mental health assistance for him.[5] If the claims are not related to the same basic issue or incident, then each claim must be addressed in a separate complaint. To the extent some information is included that is not relevant to any claims or alleged constitutional violations, the

---

[4] Plaintiff should focus his allegations on the actions or inactions of each named defendant who injured him. To survive dismissal, the complaint must allege facts, accepted as true, that state a claim "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The plausibility standard asks for less than a probability but "more than a sheer possibility that a defendant has acted unlawfully." Id. That a court must accept factual allegations as true does not apply to legal conclusions. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

[5] While Plaintiff alleges defendants ignored his mental health issues, he also alleges one defendant took him to be evaluated by the mental health professional, Ms. Anderson. See Complaint at 4.

information should be excluded or limited to enable the Court to engage in a proper review and to enable the Defendants to effectively respond.

Plaintiff should separately number each allegation when describing the relevant facts and the defendants' actions or non-actions.[6] Although Plaintiff is proceeding pro se, he must follow the Federal Rules of Civil Procedure. Rule 8(a) requires a pleading to include a short and plain statement of the claim showing that the pleader is entitled to relief. Rule 10(b) requires all averments of the claim be made "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

Under "Injuries" in section V, Plaintiff must state how each defendant's action or omission injured him. There must be a causal connection between each defendant's acts or omissions and the alleged constitutional deprivation. For example, Plaintiff lists some injuries, though he does not indicate, either in section V or section IV (statement of claim) how the injuries arose or are attributable to individual defendants. Furthermore, Plaintiff's allegations that he reported fearing his cellmates appears to lack a causal connection to actions or omissions of defendants.

---

[6] In section IV (statement of claim), Plaintiff does include small numbers, apparently in an effort to number his allegations. However, his summary of events is written as one long narrative, which is difficult to decipher, and the numbers inserted in an effort to separate paragraphs prove of little utility.

Plaintiff alleges he reported a fear of his cellmate in both cells G-3203 and G-3205, but then he alleges that a seemingly different cellmate, one in G-3103, attacked him. As alleged, any harm resulting from a cellmate Plaintiff did not report fearing does not state an Eighth Amendment violation.

If Plaintiff names defendants who hold supervisory positions or who are not directly involved in the day-to-day operations of the penal facility, such as a warden or the Secretary of the Florida Department of Corrections, Plaintiff should be aware that supervisory liability (respondeat superior) has been rejected as a theory of recovery under § 1983. See Keith v. DeKalb Cty., Ga., 749 F.3d 1034, 1047 (11th Cir. 2014) (citing Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003)).

Finally, Plaintiff must sign and date the amended complaint after the following statement on the form:

> Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Plaintiff should carefully review the instructions in this Order and on the civil rights complaint form to determine whether he can present allegations sufficient to state a cause of action under the relevant law.[7] If Plaintiff does not have a good-faith belief that he can state an actionable claim, he may voluntarily dismiss the action at any time.[8]

Accordingly, it is

**ORDERED**:

1. The **Clerk** is directed to send Plaintiff a civil rights complaint form.

2. If Plaintiff elects to file an amended complaint, he must do so no later than **May 15, 2018.** He should do so on the enclosed civil rights complaint form consistent with the directions given in this Order and the instructions on the form. Plaintiff is advised that the amended complaint will serve as the operative complaint in this action unless the Court otherwise orders. Thus, Plaintiff's amended complaint must contain all claims and allegations that he wishes to raise, and it must not refer back to the original Complaint. This case number (**3:18-cv-**

---

[7] Knowingly making a false material declaration in violation of Title 18, United States Code, Section 1623, is punishable by a fine or imprisonment, or both.

[8] He should consider the running of the statute of limitations in making his decision.

**3-J-32JBT**) should be affixed to the civil rights complaint form, and the words "Amended Complaint" should be written on the top of the form. When submitting an amended complaint, Plaintiff should submit a service copy of the complaint for each named defendant.

3. Plaintiff's failure to timely file an amended complaint as described in this Order or failure to submit one copy of the amended complaint for each named defendant will result in the dismissal of this case without further notice.

4. The Order to Show Cause (Doc. 10) is **discharged.** See Plaintiff's Affidavit if Indigency (Docs. 11, 13).

**DONE AND ORDERED** at Jacksonville, Florida, this 12th day of April, 2018.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Jax-6
c:
Joshua Hardin