UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


JOSHUA N. HARDIN,

             Plaintiff,

v.                                          Case No. 3:18-cv-3-J-32JBT

SGT. J. JONES, et al.,

             Defendants.

_____

**ORDER**

Plaintiff, an inmate of the Florida penal system, initiated this action by filing a pro se Civil Rights Complaint (Doc. 1) pursuant to 42 U.S.C. § 1983. Following this Court's Order directing him to amend his complaint (Doc. 14), Plaintiff filed an Amended Complaint on August 24, 2018 (Doc. 25) naming three Defendants. He asserts the following claims: cruel and unusual punishment; a violation of the Americans with Disabilities Act (ADA); and a violation of the Florida Administrative Code section 33.601.

Upon review of the Amended Complaint, the Court opines that Plaintiff still has failed to set forth his claims adequately to enable the Court to engage in a proper review and to enable Defendants to effectively respond to the claims. Importantly, Plaintiff's filing is missing pages 3 and 4. In addition, his

Amended Complaint includes some scrivener's errors that could cause confusion and complicate service of process if the case proceeds beyond the filing of the complaint. For example, the names of the Defendants identified in the caption of the civil rights complaint form do not match those listed as Defendants in Section II ("Defendants") of the form.[1] In addition, Plaintiff claims the relevant incidents occurred in the future—in December 2018.

Plaintiff also must clarify the cruel and unusual punishment claim against Defendants because it is unclear what role each Defendant played in the alleged constitutional violation and what harm their actions or omissions caused Plaintiff. For instance, Plaintiff alleges that Defendants Jones and Zarate, each on different occasions, placed him in a cell with an inmate who threatened to harm Plaintiff, which caused Plaintiff to "start cutting" himself to be removed from the cell for a psychological evaluation.

However, Plaintiff does not allege that the first inmate acted on the threat, and he alleges that Defendants arranged for a mental health consult and ensured that he was not placed back in that cell. While Plaintiff does allege that the second inmate "slapped"

---

[1] For example, "Jonathan Jones" is named as a Defendant in the caption, but his name is omitted from Section II. The other two named Defendants appear in both the caption and Section II, though the Defendant identified in the caption as "Gambel" is identified in Section II as "Gamble."

him, he provides no factual details as to the extent of the physical abuse or whether he suffered any injuries. He also does not allege that his self-inflicted injuries required immediate medical attention. As to both incidents, Plaintiff fails to explain what Defendant Gamble's role was other than to allege that he, along with Defendants Zarate and Jones, initially refused to remove him from the cells with the threatening cellmates, instead making him wait roughly six hours each time.

With respect to Plaintiff's ADA claim, he has failed to adequately allege facts that would state a plausible claim for relief. The only allegation in support of a potential ADA claim is that Plaintiff "advised [Defendant] Jones that due to medical disability and medical pass for low tier [Plaintiff is] not suppos[ed] to sleep upstairs." Plaintiff appears to include these facts only to suggest that Plaintiff should not have been placed in the cell with the first inmate because the cell location presumably violated his medical pass.[2] To the extent any alleged violation of the ADA is unrelated to Plaintiff's claim against Defendants for cruel and unusual punishment, he should pursue such a claim by filing a separate complaint. Finally, Plaintiff is reminded that an alleged violation of the Florida Administrative

---

[2] Plaintiff does not actually allege that any Defendant placed him in an upper-tier cell.

Code, a state law, is an insufficient basis upon which to bring a § 1983 action.

The Court will provide Plaintiff one final opportunity to state a viable claim for relief. In amending, Plaintiff must keep in mind the following with respect to his factual allegations and claims for relief:

1.   The second amended complaint must be on the enclosed civil rights complaint form, and Plaintiff should ensure that he files a complete copy of the second amended complaint.

2.   The second amended complaint must be marked, "Second Amended Complaint."

3.   The second amended complaint must name as defendants only those who had been acting under color of state law and are responsible for the alleged constitutional violation.

4.   The second amended complaint must state the full names of each defendant (to the extent Plaintiff knows them) in the style of the case on the first page and in section I.B.

5.   The list of defendants named on the first page must match the list of named defendants in section I.B.

6.   The second amended complaint (or a separate filing) must include current addresses for each defendant so the Court can direct service of process.

7.   In section IV, "Statement of Claim," there must be a clear description of how **each** defendant was involved in the alleged violation. The claims must be related, meaning the claims must arise from the same basic issue or incident. Unrelated claims must be raised in a separate lawsuit.

8.   In section V, "Injuries," there must be a statement concerning how **each** defendant's action or omission injured Plaintiff.

Plaintiff must sign and date the second amended complaint

after the following statement on the form:

> Under Federal Rule of Civil Procedure 11, by
> signing below, I certify to the best of my
> knowledge, information, and belief that this
> complaint: (1) is not being presented for an
> improper purpose, such as to harass, cause
> unnecessary delay, or needlessly increase the
> cost of litigation; (2) is supported by
> existing law or by a nonfrivolous argument for
> extending, modifying, or reversing existing
> law; (3) the factual contentions have
> evidentiary support or, if specifically so
> identified, will likely have evidentiary
> support after a reasonable opportunity for
> further investigation or discovery; and (4)
> the complaint otherwise complies with the
> requirements of Rule 11.

Plaintiff should carefully review the instructions in this

Order and on the civil rights complaint form to determine whether

he can present allegations sufficient to state a cause of action

under the relevant law.[3] If Plaintiff does not have a good-faith

belief that he can state an actionable claim, he may voluntarily

dismiss the action at any time.[4]

---

[3] Knowingly making a false material declaration in violation of
Title 18, United States Code, Section 1623, is punishable by a
fine or imprisonment, or both.

[4] He should consider the running of the statute of limitations in
making his decision.

Accordingly, it is

**ORDERED**:

1.    The **Clerk** is directed to send Plaintiff a civil rights complaint form.

2.    If Plaintiff elects to file a second amended complaint, he must do so no later than **October 10, 2018.** Plaintiff is advised that the second amended complaint will serve as the operative complaint in this action unless the Court otherwise orders. Thus, Plaintiff's second amended complaint must contain all claims and allegations that he wishes to raise, and it must not refer back to the original or first amended complaints. When submitting the second amended complaint, Plaintiff should submit a service copy of the complaint for each named defendant.

3.    Plaintiff's failure to timely file a second amended complaint as described in this Order or failure to submit one copy of the second amended complaint for each named defendant may result in the dismissal of this case without further notice.

**DONE AND ORDERED** at Jacksonville, Florida, this 11th day of September, 2018.

JOEL B. TOOMEY
United States Magistrate Judge

6

Jax-6
c:
Joshua Hardin